NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0322n.06

No. 21-1244

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 05, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| OAKLAND TACTICAL SUPPLY, LLC; JASON RAINES; MATTHEW REMENAR; SCOTT FRESH; RONALD PERNOD; EDWARD GEORGE DIMITROFF, <br><br>     Plaintiffs-Appellants, <br><br> v. <br><br> HOWELL TOWNSHIP, MICHIGAN, <br><br>     Defendant-Appellee. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN <br><br><br> OPINION |

Before: COLE, KETHLEDGE, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Plaintiffs-Appellants (collectively, Oakland Tactical) appeal the district court's grant of judgment on the pleadings to Defendant-Appellee, Howell Township (Township), and its denial of Oakland Tactical's motion for reconsideration, arguing that the Township's Zoning Ordinance (Ordinance) violates the Second Amendment by effectively banning Oakland Tactical from operating an outdoor, long-distance shooting range on its property. We VACATE and REMAND to allow the district court to consider the plausibility of Oakland Tactical's Second Amendment claim in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

I.

Oakland Tactical seeks to operate an outdoor, 1,000-yard shooting range on its property in the Agricultural-Residential District (ARD) of the Township. Oakland Tactical filed this action in 2018 and the operative complaint in 2019, alleging that the Ordinance, facially and as applied, "effectively ban[s] the operation of rifle ranges and other shooting ranges, thereby prohibiting numerous traditional lawful uses of firearms that the Second Amendment protects." R. 44 PID 1103. In 2018 and 2019, the Ordinance listed "rifle ranges" as an "[o]pen air business use." R. 60-2 PID 1234. Although "rifle ranges" were not specifically mentioned elsewhere in the Ordinance, the Township stated at a planning commission meeting that commercial shooting ranges were allowed in some districts, but not the ARD.[1]

In June 2020, the Township filed a motion for judgment on the pleadings. In September, the district court granted the Township's motion and dismissed the action, concluding that Oakland Tactical failed to plausibly plead that the Second Amendment requires the Township to "permit a property owner (or a property lessee) to construct, and for interested gun owners to use, an outdoor, open-air, 1,000-foot shooting range" within the ARD; or, that the Ordinance effectively bans all shooting ranges, given that it "appears on its face to allow shooting ranges in [other] districts" and Oakland Tactical could have sought conditional rezoning or a special-use permit to construct a shooting range on its property. R. 84 PID 2089–90. Oakland Tactical moved for reconsideration.

---

[1] The Ordinance also permitted "service outlets for . . . indoor commercial recreation" in the Regional Service Commercial District; "[r]ecreation and sports buildings" and "[r]ecreation and sports areas, if areas are completely enclosed with fences, wall or berms with controlled entrances and exits" in the Highway Service Commercial District; and, "[r]ecreation and physical fitness facilities" in the Heavy Commercial District and the Industrial District, with "facility" appearing to encompass both indoor and outdoor spaces under the Ordinance. R. 60-2 PID 1244, 1247, 1252; R. 61-2 PID 1409.

In January 2021, while Oakland Tactical's motion for reconsideration was still pending, the Township amended the Ordinance. The Ordinance no longer mentions "rifle ranges." Instead, it references "sport shooting ranges" and classifies them as either "indoor recreation facilities" or "outdoor recreation facilities," not open-air businesses. Howell Twp., Mich. Zoning Ordinance art. II (2021). The Ordinance permits indoor and outdoor recreational facilities in four districts— the Regional Service Commercial District, the Highway Service Commercial District, the Industrial Flex Zone, and the Industrial District—and sets specific standards for sport shooting ranges. *Id.* art. XVI, § 16.18(A), (B)(10).

In February, the district court denied Oakland Tactical's motion for reconsideration after finding no "palpable defect" in its order of dismissal.[2] R. 91 PID 2184. Oakland Tactical timely appealed.

## II.

In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court recognized that the Second Amendment protects the individual right to keep and bear arms, specifically "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen*, 142 S. Ct. at 2122; *see also McDonald v. Chicago*, 561 U.S. 742, 750 (2010) (holding that the right to keep and bear arms for the purpose of self-defense is applicable to the states). *Heller* also implied, rather obliquely, that the Second Amendment may protect other firearms-related conduct but not all such conduct. 554 U.S. at 626–28 & n.26, 635. This left lower courts "struggl[ing] to

---

[2] The district court did not address the amendments to the Ordinance, which is understandable given that the parties seemingly failed to mention them. Even on appeal, the parties neglected to brief what effect, if any, the amendments have regarding Oakland Tactical's Second Amendment claim and, thus, we ordered supplemental briefing.

delineate the boundaries" of the Second Amendment. *Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678, 681 (6th Cir. 2016) (en banc).

To help us resolve Second Amendment challenges, we previously employed a two-step test. *United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012), *abrogated by Bruen*, 142 S. Ct. at 2126–27 (rejecting the test). At step one, we required the government to put forward historical evidence to establish that the challenged law regulated activity outside the scope of the Second Amendment. *Id.* If the historical evidence was inconclusive or suggested that the regulated activity was not categorically unprotected, we moved to step two, where we ascertained the appropriate level of scrutiny and then examined the government's justification for restricting or regulating the exercise of the activity. *Id.* The Supreme Court recently clarified, however, that this is the wrong approach. Instead:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Bruen*, 142 S. Ct. at 2129–30.

We are unable to apply this standard based on the record and arguments currently before us. The district court should decide, in the first instance, whether Oakland Tactical's proposed course of conduct is covered by the plain text of the Second Amendment.[3] *See, e.g.*, *id.* at 2134–35 (concluding that the Second Amendment plainly covers a right to bear arms in public for self-defense). If the district court concludes that Oakland Tactical's proposed course of conduct is

---

[3] We note that, although Oakland Tactical has alleged that the Second Amendment protects the right to train on "outdoor ranges appropriate for . . . common firearms," "shotgun and handgun ranges," and, more generally, "a shooting range," R. 86 PID 2113; R. 44 PID 1085–86, it most recently framed its proposed course of conduct as the right to train on "outdoor, long-distance shooting ranges," *see, e.g.*, Appellants Br. at 10.

covered by the plain text of the Second Amendment, it should then determine whether historical evidence—to be produced by the Township in the first instance—demonstrates that the Ordinance's shooting-range regulations are consistent with the nation's historical tradition of firearm regulation. *See, e.g.*, *id.* at 2138 (concluding that "the historical record compiled by respondents does not demonstrate a tradition of broadly prohibiting the public carry of commonly used firearms for self-defense" or "limiting public carry only to those law-abiding citizens who demonstrate a special need for self-defense").

**\*\*\***

For the foregoing reasons, we VACATE the district court's grant of judgment on the pleadings and its order denying reconsideration and REMAND for further proceedings consistent with this opinion.